UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BY ITS DULY EMPOWERED TRUSTEES THE BARRY WHITE FAMILY TRUST U/A/D: DECEMBER 19, 1980,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES D. HALL AND MICHELLE HALL, Individually and d/b/a J.D. HALL PRODUCTIONS and STERLING VENUE VENTURES, LLC<br><br>Defendants. | Case No. 2:21-cv-09762-SVW-AS<br><br>Hon. Stephen V. Wilson<br><br>**PERMANENT INJUNCTION** |

1. The Barry White Family Trust U/A/D December 19, 1980 (the "Trust"), by and through its co-trustees, Glodean B. White and Jack Perry ("Plaintiffs"), brought this action for copyright infringement, violations of the Lanham Act, cyber piracy under 15 U.S.C. § 1125(a), violating Barry White's right to publicity under California Civil Code § 3344.1 and unfair competition against defendants James D. Hall and Michelle Hall (collectively, "Defendants").

**WHEREAS,** Plaintiffs allege that Defendants used unlicensed orchestrations of music by Barry White in live performances and in distributed video and audio recordings of such performances in violation of the Trust's copyrights;

**WHEREAS,** Plaintiffs allege that Defendants violated the Lanham Act (15 U.S.C. § 1125(a)) by creating consumer confusion as to the sponsorship of their Barry White related musical act;

**WHEREAS,** Plaintiffs allege that Defendants' conduct tarnished the Trust's rights in Barry White related trademarks in violation of 15 U.S.C. § 1125(c);

**WHEREAS,** Plaintiffs allege that Defendants further violated the Lanham Act by using Barry White's name in connection with their websites and email addresses in violation of 15 U.S.C. § 1125(d);

**WHEREAS,** Plaintiffs allege that Defendants violated the Trust's rights with respect to Barry White's right of publicity in violation of California Civil Code § 3344.1;

**WHEREAS,** Plaintiffs allege that Defendants committed acts of unfair competition in violation of California Business and Professions Code § 17200; and

**WHEREAS,** Defendants stipulate to an injunction in favor of Plaintiffs regarding the acts alleged by Plaintiffs in their complaint.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that injunctive relief is granted in favor of the Plaintiffs and that James D. Hall, Michelle Hall and their respective corporate entities, successors, assignees, designees, agents, partners and affiliates acting on their behalf are ordered and are perpetually restrained and

enjoined as follows:

## INJUNCTION

1. **Cessation of Use of "Barry White"**

    1.1    Subject to paragraph 2.1 below, on or before July 1, 2022, Defendants shall cease use of and are prohibited from using "Barry White" as the name and title of their tribute show and in connection with the promotion and branding for the same.

    1.2    Subject to paragraph 2.1 below, on or before July 1, 2022, Defendants shall cease use of and are prohibited from using any Name, Mark, or Title that includes the letter string "Barry White" or a confusingly similar variation thereof in connection with any goods or services.  As used in this Order, "Name, Mark, or Title" shall collectively refer to any trademark, service mark, collective mark, certification mark, trade dress, word, name, symbol, device, company or trade name, business designation, corporate filing, title, domain name, social media account name or handle, or other name or designation.

    1.3    Defendants shall not use any pictures or images of Barry White in connection with the advertising or promotion of any business venture, their website or social media including but not limited to any musical performances, shows or concerts;

    1.4    Defendants shall not produce, manufacture, sell, market, distribute or otherwise commercialize any merchandise or other products (physical and/or digital existing now or in the future) with the words "Barry White", pictures of Barry White, titles of songs composed, produced, or performed by Barry White, and/or artwork or other packaging connected to Barry White musical releases. Defendants may use the name "Barry White" as set forth in paragraph 2.1 hereinbelow.

    1.5    The Defendants shall never apply to register or register a Name, Mark, or Title consisting of or including the letter string "Barry White" or a confusingly similar variation thereof in connection with any goods or services.

1.6   Within thirty (30) days of the entry of this Order, Defendants shall cease use of any and all social media, domain names, email address or the like which reference Barry White except that they shall be permitted to use JDHallTributetoBarryWhite.com so long as the contents of such site shall comply with the other terms in this Order.

**2.   Permitted Use of Barry White For the Defendants' Tribute Show**

2.1   Notwithstanding Section 1 above, Defendants shall be permitted to use the term "Barry White" in connection with their Barry White tribute show, provided that such use always meets the following requirements:

    i.   The word "Barry White" shall never be used as part of the show title;

    ii.  The word "Barry White" may be used as a subtitle for the show, but only in connection with and in close proximity to the word "tribute" (*i.e.*, "A Tribute to Barry White"). Moreover, when used as part of a subtitle, the word "Barry White" must not in any way be highlighted or otherwise emphasized. The font size of a subtitle containing the words "Barry White" must always be at least 75% smaller than the font size of the J.D. Hall name, and the whole subtitle which incorporates the name "Barry White" shall be written on a different line and in one and the same font, size, and color;

**3.   Other Limitations.**

3.1   No show, performance or concert of any kind produced, marketed or performed in by any Defendant shall use an orchestra to perform any Barry White music.

3.2   Defendants shall not create, use or distribute any video incorporating any portion of any Barry White copyrighted work. Defendants shall take any and all steps necessary to remove videos of any Defendant performing Barry White

copyrighted material from websites and social media Defendants control.

    3.3    Defendants shall not involve Denise White in any manner, directly or indirectly, in any show which is a tribute to Barry White or a JD Hall tribute of any kind whatsoever that utilizes any Barry White material. The Defendants shall not have Denise White participate in any manner whatsoever in anything that uses the name, image, likeness, music, song titles, trademarks, the rights of publicity or anything else "Barry White". Defendants shall not have Denise White appear on stage with Defendants at any of Defendants' Barry White shows, performances or concerts. Defendants shall not permit, allow or accept from Denise White, directly or indirectly, an award or sponsorship of any kind. Defendants shall not access Denise White's social media or Facebook for any business matter or purpose, including without limitation, to advertise or promote any of Defendants' shows, performances or concerts.

**IT IS SO ORDERED.**

Dated: April 29, 2022

Hon. Stephen V. Wilson
United States District Judge